**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1728-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERRICK L. YOUNG,

    Defendant-Appellant.

_____

Argued February 13, 2024 – Decided March 19, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 14-10-0754.

Steven E. Braun, Designated Counsel, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Steven E. Braun, on the brief).

Jeffrey Nicholas Krachun, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Jeffrey Nicholas Krachun, of counsel and on the brief).

PER CURIAM

Defendant Errick Young appeals from the July 13, 2022, Law Division order denying his petition for post-conviction relief (PCR) after a limited evidentiary hearing. We affirm.

I.

Defendant was charged in an October 1, 2014, Cumberland County indictment with first-degree murder, N.J.S.A. 2C:11-3 (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count two); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count four); and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count five).

The PCR judge recounted the underlying facts as follows:

> On March 22, 2014, [defendant] traveled with his cousin . . . to pick up [his cousin's] two young children at the home of the children's father, Benjamin Broughton, in Commercial Township, Cumberland County. Prior to the scheduled pick-up, Mr. Broughton's girlfriend . . . and [defendant's cousin] had an argument over the telephone. [Defendant's] cousin asked him to accompany her in case something happened. [Defendant] chose to take a loaded handgun with him.
>
> Once at Mr. Broughton's home for the exchange of the children, [defendant's cousin] and [Broughton's girlfriend] engaged in a physical altercation with the

A-1728-22

children present to witness the fight. [Defendant] and Mr. Broughton interjected themselves in the dispute and, as could be predicted, engaged in a physical tussle as well. . . . [A]n eyewitness saw [defendant] with a gun in his hand and saw [defendant] shoot Mr. Broughton. Mr. Broughton died from a single gunshot wound to the face.

On the eve of jury selection, defendant entered a negotiated guilty plea to count one, as amended to charge first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). The plea was an open plea, meaning there was no sentencing recommendation from the State.[1] However, the State agreed to the amendment of count one and agreed to move to dismiss the remaining counts of the indictment at sentencing.

During the September 27, 2016, plea colloquy, defendant assured the trial judge, orally and by executing the plea forms, that he was entering the plea knowingly and voluntarily, without force or coercion and with a full understanding of the nature of the charge, the State's proofs, the terms of the agreement, and the consequences of the plea. Defendant also expressed his satisfaction with the services of his attorney. When the judge asked whether

---

[1] "An 'open plea' to an indictment neither 'include[s] a recommendation from the State, nor a prior indication from the court, regarding sentence.'" State v. Vanness, 474 N.J. Super. 609, 625 (App. Div. 2023) (quoting State v. Kates, 426 N.J. Super. 32, 42 n.4 (App. Div. 2012)).

A-1728-22

defendant had any questions, defendant asked specific questions about jail credits, parole supervision, and sentencing considerations, all of which the judge answered. If defendant did not understand something, the judge provided a comprehensive and detailed explanation at defendant's behest.

In providing a factual basis for the plea, defendant admitted that on March 22, 2014, in Commercial Township, he discharged a gun during an altercation with Broughton, fatally shooting Broughton and directly resulting in his death. Defendant acknowledged that by possessing the gun and discharging it "at close range" to Broughton, "when it could have been avoided," defendant acted with recklessness manifesting extreme indifference to human life. See State v. Bowens, 108 N.J. 622, 638 (1987) ("For aggravated manslaughter, in order to demonstrate the defendant's extreme indifference to human life, there must have been a probability, rather than a possibility, that death would have resulted from the defendant's actions."), abrogated by State v. Tate, 216 N.J. 300 (2013); State v. Gaines, 377 N.J. Super. 612, 622 (App. Div. 2005) (holding that defendant firing a gun above a large crowd, killing a person in the crowd, constituted "circumstances manifesting extreme indifference to human life"). After ensuring compliance with Rule 3:9-2, governing the entry of guilty pleas, the judge accepted defendant's plea.

On December 23, 2016, the judge sentenced defendant to twenty-two years in prison, subject to an eighty-five percent period of parole ineligibility in accordance with the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Pursuant to Rule 2:9-11, defendant challenged his sentence on the Sentencing Oral Argument (SOA) calendar, arguing the judge failed to apply certain mitigating factors. In an order filed June 29, 2017, we affirmed the sentence because we were "satisfied that the sentence [was] not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion."

In 2019, defendant filed a timely pro se PCR petition, which was subsequently supplemented by appointed counsel as well as additional submissions by defendant. Among other things, defendant argued his trial counsel was ineffective by failing to provide him with all the discovery before the plea was entered. According to defendant, as a result, his plea was not voluntary and knowing because he did not fully understand the consequences of his plea. Defendant also argued his attorney was ineffective because he pressured him into pleading guilty by "constantly shut[ting him] down when he tried speaking at the plea hearing," thereby rendering his plea uninformed. Further, defendant asserted there was no factual basis for his plea, and urged the PCR judge to modify his sentence based on his post-incarceration activities.

Judge Joseph M. Chiarello conducted oral argument on June 17, 2020, and addressed defendant's PCR claims in an oral decision on the record. First, the judge rejected defendant's claim that his plea was not voluntary and knowing as belied by the record. See State v. Simon, 161 N.J. 416, 444 (1999) ("Solemn declarations in open court carry a strong presumption of verity." (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977))). The judge explained that "based on the plea colloquy, [defendant] understood the plea[ and] had enough time to consider the plea," having entered it on the eve of jury selection.

The judge elaborated:

> The initial indictment was for first degree murder, which would[ have] subjected[] . . . defendant if convicted to a term of life imprisonment potentially. The plea he took was an open plea to an aggravated manslaughter, which would have subjected him under the . . . open plea agreement to [a ten] to a [thirty-] year sentence. Clearly there was a negotiated plea which benefitted defendant, [and] benefitted the State in avoiding trial. And I find that . . . defendant . . . understood.

As to defendant's request for a modification of his sentence based on his post-incarceration activities, the judge stated such an application was "a separate motion" that "[was] not properly before th[e c]ourt." Regarding defendant's claim that there was no factual basis for the plea, the judge found the claim was "procedurally barred" because it "should have been raised in the Appellate

Division."  See R. 3:22-4.  However, the judge granted defendant a limited evidentiary hearing solely to address defendant's claim that his attorney failed to provide him with all the discovery before he entered the plea.

No order was entered following Judge Chiarello's oral decision.  In September 2021, Judge Kevin T. Smith assumed responsibility for the matter and issued an order on March 11, 2022, nunc pro tunc to June 17, 2020, memorializing Judge Chiarello's rulings.  The order denied without prejudice defendant's "request to modify his sentence based upon post-sentence rehabilitative efforts while incarcerated in State Prison," denied defendant's "request to withdraw his plea of guilty," denied defendant's challenge to his "factual basis," and denied defendant's claim "that his case should be reopened since he established during his plea colloquy a reasonable ground for self-defense."

The order granted an evidentiary hearing, limited to the following questions:

> a.  Did plea counsel disclose to [defendant] a copy of all discovery in his possession prior to his entry of his guilty plea;
>
> b.  If plea counsel did not provide copies of certain discovery to [defendant], did he discuss with [defendant] that undisclosed discovery and answer all of [defendant's] questions regarding same; and
>
> c.  If plea counsel or [defendant] believed that certain discovery had not been provided by the State, what discovery was deemed missing and was there a decision

made to pursue obtaining that missing discovery from the State or to proceed without the missing discovery.

On June 28, 2022, Judge Smith conducted an evidentiary hearing.[2] Following the evidentiary hearing, the judge issued an order and written opinion on July 13, 2022, supplementing his oral opinion placed on the record on June 28, 2022, and denying defendant's petition for PCR. At the evidentiary hearing, after defendant waived his attorney-client privilege, his trial counsel testified. However, defendant did not testify. Additionally, as the judge pointed out, defendant neither submitted a sworn certification nor an affidavit in support of his PCR petition.

Based on defendant's unsworn submissions, Judge Smith described defendant's position as follows:

> [Defendant] alleges that [his attorney] did not provide him with all the discovery prior to him entering his plea of guilty. He argues that had he been given the opportunity to review the entirety of the State's evidence by way of the discovery, he would have not entered into a plea agreement, and he would have gone to trial. He contends that [his attorney] came to see him on the weekend before trial was to commence and rather than review the discovery and discuss strategy for the trial, counsel discussed entering a plea.

---

[2] The judge noted that the hearing was delayed by the impact of the pandemic on court operations.

In contrast, after considering trial counsel's testimony, which the judge found to be "credible," Judge Smith found that "[n]othing in [trial counsel's] testimony support[ed defendant's] allegations that items were missing from discovery and that he never discussed the discovery with his attorney." Critically, Judge Smith described trial counsel's "recollection" as "remarkable," stating that counsel "possessed a full command of the facts," "a clear recollection of the case," and "a general recollection of his meetings with [defendant]." The judge also noted that counsel had "[thirty-two] years of criminal law experience" and was privately "retained" by defendant's family to take over from the public defender who had previously represented defendant.

The judge elaborated:

> [Trial counsel] received discovery from both [defendant] and from . . . the Assistant Deputy Public Defender representing [defendant. Trial counsel] reviewed the discovery and found it to be complete. It was his opinion that nothing was missing or needed to be acquired. [Trial counsel] testified that he discussed the discovery with [defendant] on several occasions, recalling that he visited [defendant] at the jail six to seven times prior to the guilty plea hearing. On each occasion he and [defendant] discussed the case and topics or issues addressed by the discovery. According to [trial counsel, defendant] never complained about the discovery being deficient, never asked [trial counsel] to obtain any specific item or document as discovery and never asked for copies of certain items from the discovery. And, as noted . . . , [trial counsel] testified

9

that he obtained the discovery from [defendant] himself.

In denying defendant's petition for PCR, the judge found "no grounds" for a claim of ineffective assistance of counsel (IAC). The judge explained:

> [Defendant] has failed to present a prima [facie] . . . showing of ineffective assistance. The question was raised of whether or not there was something that was missing. [Defendant] never presented to this [c]ourt what was missing. And through now the testimony of [trial counsel,] he reviewed the discovery, found it to be complete, did not believe that there [were] any holes in it that he needed to explore through pretrial litigation, [and] made no further request for discovery because again in his judgment it was complete. . . . [N]or did [defendant] raise the question that anything was missing.

The judge concluded that defendant "failed to show that counsel's performance was deficient in any way" but instead made "bald assertions which he does not support with any facts or certifications, and which are wholly unsupported by the evidence, that being the credible testimony of [trial counsel]." This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

DEFENDANT DID NOT PROVIDE A SUFFICIENT FACTUAL BASIS TO SUPPORT HIS GUILTY PLEA TO AGGRAVATED MANSLAUGHTER BECAUSE HE DID NOT ACKNOWLEDGE THAT HE HAD

10

RECKLESSLY CAUSED DEATH UNDER CIRCUMSTANCES MANIFESTING EXTREME INDIFFERENCE TO HUMAN LIFE OR THAT AS A RESULT OF HIS ACTIONS THAT DEATH WAS PROBABLE (NOT RAISED BELOW).

POINT II

AS PER DEFENDANT'S CERTIFICATION, HE WAS NOT SUPPLIED WITH ALL DISCOVERY BY TRIAL DEFENSE COUNSEL AND WOULD NOT HAVE PLED GUILTY IF SUCH HAD BEEN PROVIDED. THUS, HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE NEW JERSEY CONSTITUTION.

POINT III

AN EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED REGARDING DEFENDANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA, HIS ASSERTION THAT THE GUILTY PLEA FAILED TO ESTABLISH A FACTUAL BASIS, HIS ASSERTION THAT THE PLEA COLLOQUY ESTABLISHED A REASONABLE GROUND FOR SELF-DEFENSE, THE LACK OF EVIDENCE OF A WEAPON ALONG WITH THE FLAWED IDENTIFICATION PROCEDURE, THE FAILURE TO RETAIN AN EXPERT TO DEFINE THE TERM "RECKLESS," AND THE DENIAL OF RELIEF BASED UPON POST-CONVICTION ACHIEVEMENTS.

POINT IV

11

DEFENDANT ASSERTS THAT THE SENTENCING COURT FAILED TO PROPERLY CONSIDER WHAT CONSTITUTES MID-RANGE WHEN IT IMPOSED A TWENTY-TWO YEAR SENTENCE (NOT RAISED BELOW).

POINT V

DEFENDANT ASSERTS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S FAILURE TO RECOGNIZE AND OBJECT TO INTIMIDATION BY THE FAMILY OF THE VICTIM WHEN THEY WERE SEATED DIRECTLY BEHIND DEFENDANT IN THE COURTROOM. HE ALSO ASSERTS THAT HIS TRIAL ATTORNEY RESTRICTED HIS ABILITY TO ADDRESS THE TRIAL COURT WHEN HE PLED GUILTY (NOT RAISED BELOW).

POINT VI

THE CASE AUTHORITY WHICH APPLIES TO JUVENILE OFFENDERS REGARDING LENGTHY SENTENCES SHOULD EQUALLY APPLY IN SITUATIONS SUCH AS THE INSTANT MATTER WHERE DEFENDANT WAS VERY YOUNG (NOT RAISED BELOW).

II.

We begin by setting out some guideposts that inform our review. "Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Rule 3:22-2 recognizes five cognizable grounds for PCR,

including a "[s]ubstantial denial in the conviction proceedings of defendant's [constitutional] rights," R. 3:22-2(a), which encompasses the right to the effective assistance of counsel. State v. Nash, 212 N.J. 518, 541-42 (2013).

> "Because post-conviction relief is not a substitute for direct appeal and because of the public policy 'to promote finality in judicial proceedings,' our rules provide various procedural bars." State v. Echols, 199 N.J. 344, 357 (2009) (citations omitted) (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)).
>
> "[A] petitioner may be barred from relief if the petitioner could have raised the issue on direct appeal but failed to do so, Rule 3:22-4[, or] the issue was previously decided on direct appeal, Rule 3:22-5[.]" Ibid. The effect of Rule 3:22-4 is that PCR will be precluded if any ground for relief could have been raised at trial or on appeal. State v. Afanador, 151 N.J. 41, 50 (1997).
>
> [State v. Peoples, 446 N.J. Super. 245, 254-55 (App. Div. 2016) (alterations in original).]

Unlike Rule 3:22-4, Rule 3:22-5 applies "'if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.'" State v. Marshall (Marshall IV), 173 N.J. 343, 351 (2002) (quoting State v. Marshall (Marshall III), 148 N.J. 89, 150 (1997)). These rules incorporate exceptions to ensure fairness to defendants. In particular, under Rule 3:22-4(a), "[i]f an issue could not reasonably have been raised in a prior proceeding, if it involves the infringement of constitutional rights, or if it presents exceptional circumstances

involving a showing of fundamental injustice, then the procedural bar will be lifted." State v. Mitchell, 126 N.J. 565, 584 (1992); see R. 3:22-4(a)(1), (2), and (3).

Where an evidentiary hearing is conducted, we "defer to the PCR court's factual findings, given its opportunity to hear live witness testimony." State v. Gideon, 244 N.J. 538, 551 (2021). "In such circumstances, we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record" but we will review "de novo" the PCR court's "legal conclusion." Nash, 212 N.J. at 540-41. On the other hand, "[w]e review a judge's decision to deny a PCR petition without a hearing for abuse of discretion" and, where "'the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo.'" State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (quoting State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020)).

> The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (1999). An evidentiary hearing on a PCR petition is required only when: (1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a

reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

[Vanness, 474 N.J. Super. at 623.]

"If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." State v. Brewster, 429 N.J. Super. 387, 401 (2013) (quoting Marshall III, 148 N.J. at 158); R. 3:22-10(e)(1).

To establish a prima facie case of IAC,

a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey). "That is, the defendant must establish, first, that 'counsel's representation fell below an objective standard of reasonableness' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688, 694).

[Vanness, 474 N.J. Super. at 623-24.]

To establish the prejudice prong to set aside a guilty plea based on IAC, a defendant must show "that there is a reasonable probability that, but for

15

counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). That determination should be "based on evidence, not speculation." Ibid. Ultimately, a defendant must "establish the right to PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing Preciose, 129 N.J. at 459).

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697).

16

Guided by these principles, we turn to defendant's arguments. Defendant renews his challenge to his factual basis for aggravated manslaughter, arguing that, at the very least, he was entitled to an evidentiary hearing to evaluate the merits of his arguments regarding his guilty plea.[3] However, we agree with Judge Chiarello that the claim is procedurally barred by Rule 3:22-4 because it could have been raised on direct appeal. Moreover, none of the Rule 3:22-4(a) exceptions justifies lifting the bar. See Mitchell, 126 N.J. at 583-85 (invoking the Rule 3:22-4 bar to the defendant's PCR claim because, among other reasons, "[a]ll of the information necessary to raise the claim regarding an insufficient factual basis for his plea was available to [defendant] when he made his direct appeal.").

Equally unavailing is defendant's newly minted challenge to his sentence, which we affirmed on direct appeal. Based on our affirmance, defendant's sentencing arguments are barred by both Rule 3:22-4, because it could have been

_____

[3] We decline to address whether defendant is entitled to withdraw his guilty plea because defendant has not expressly argued this issue on appeal. See R. 2:6-2(a)(6) (describing mode of presenting legal argument in appellant's brief); State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (declining to address claims where a defendant "did not formally brief them"). As we have explained, a "cursory discussion [does] not properly present the issue for our consideration or afford an adequate opportunity for the [opposing party] to respond." Mid-Atl. Solar Energy Indus. Ass'n v. Christie, 418 N.J. Super. 499, 508 (App. Div. 2011).

raised on direct appeal, and <u>Rule</u> 3:22-5, because "'the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.'" <u>Marshall IV</u>, 173 N.J. at 351 (quoting <u>Marshall III</u>, 148 N.J. at 150); <u>see also</u> <u>McQuaid</u>, 147 N.J. at 483 ("[A] defendant may not use a petition for post-conviction relief as an opportunity to relitigate a claim already decided on the merits.").

For the first time on appeal, defendant contends that, in light of the fact that he was only twenty years old when he committed the offense, "should his sentence go beyond [twenty] years of incarceration, he should be entitled to argue the applicability of <u>State v. Comer</u>, 249 N.J. 359 (2022)," because "he stands in the same position of a juvenile offender whose brain functions were recognized by the Supreme Court as not being fully developed." In <u>Comer</u>, 249 N.J. at 405, the Court endorsed a procedure allowing for "a review and possible reduction of a sentence after a juvenile offender has served two decades in prison."

Ordinarily, we decline to consider questions or issues not presented to the trial court when an opportunity for such a presentation was available unless the matter involves the trial court's jurisdiction or is of great public interest. <u>State</u>

18

v. Robinson, 200 N.J. 1, 20 (2009).  No exception applies here, and, in any event, the argument is premature and lacks merit.

Defendant also argues for the first time on appeal that he was "intimidated by the presence of the victim's family who sat directly behind him as he attempted to address the court at his plea hearing" and his attorney was ineffective because he failed to "object[] to the seating arrangement."  Again, we decline to consider the argument because it was not presented to the trial court.  In any event, defendant's contention is belied by the record because the plea hearing transcript shows that defendant was actively engaged in a colloquy with the judge, and defendant makes no claim that he communicated any type of intimidation to his attorney.

Equally unavailing is defendant's contention that his attorney "restricted his ability to address the court by cutting him off" at the plea hearing.[4]  However, defendant fails to identify exactly what information he was prevented from conveying to the court.  "In order for a claim of [IAC] to entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough—rather, the defendant '"must allege facts sufficient to demonstrate counsel's alleged substandard

---

[4]  Notably, during the plea hearing, trial counsel did, in fact, "cut[ defendant] off" to prevent him from divulging privileged communications.

performance.'"" State v. Jones, 219 N.J. 298, 311-12 (2014) (quoting Porter, 216 N.J. at 355).

Finally, defendant reiterates his discovery challenge, arguing his attorney "deprived [him] of the State's evidence against him," and, as such, defendant did not "knowingly or intelligently enter into the plea agreement." Further, defendant asserts that "if he had been provided with all discovery documents and the opportunity to review them with trial counsel, he would not have accepted the open plea." We reject defendant's contention for the reasons stated in Judge Smith's well-reasoned decisions. As the judge found, based on the credible testimony of trial counsel, defendant's claims that items were missing from the discovery or that his attorney failed to discuss the discovery with him are entirely unsupported by the record and constitute bald assertions that are insufficient to support a claim for IAC. See ibid.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary or the argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1728-22